UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHEILA LAROSE,<br><br>                Plaintiff,<br><br>   vs.<br><br>KING COUNTY, WASHINGTON; and PUBLIC DEFENDER ASSOCIATION D/B/A THE DEFENDER ASSOCIATION (TDA),<br><br>                Defendants. | Case No.<br><br>NOTICE OF REMOVAL |

       Defendants, King County, Washington and the Public Defender Association (collectively, "King County"), by and through their undersigned counsel, hereby remove this action from the Superior Court of Washington, Pierce County, to the United States District Court for the Western District of Washington. Removal is based on federal question jurisdiction because a federal question appears on the face of the initial pleading filed by Sheila LaRose. In support of its notice, King County states as follows:

       1.     On November 2, 2015, Ms. LaRose filed a Complaint against King County, in the Superior Court of Washington, Pierce County. Case No. 15-2-13418-9.

NOTICE OF REMOVAL - 1

2. On November 5, 2015, King County became aware of the Complaint through the Pierce County Superior Court's website. In accordance with 28 U.S.C. § 1446(a) and Local Civil Rule 101, a copy of the Complaint is attached hereto as Exhibit A. Copies of all other process, pleadings and orders received by King County are attached as Exhibit B.

3. King County files this Notice of Removal within thirty days of the date it became aware of the action. Removal is therefore timely under 28 U.S.C. § 1446(b).

**This Court Has Federal Question Jurisdiction**

4. A United States District Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5. Plaintiff alleges that she was discriminated against on the basis of her sex, marital status, and as retaliation, when King County assigned her to represent a criminal defendant that King County allegedly knew "posed a threat to any female attorney that might be appointed to represent him." Complaint ¶ 2.13. Plaintiff alleges that her former client proceeded to stalk her, and that she suffered damages resulting therefrom. Complaint ¶¶ 2.35, 2.43-47. Plaintiff alleges that she sought help from King County, but her requests "resulted in non-action." Complaint ¶ 2.32.

6. According to Plaintiff, King County's alleged conduct violated, among other things, "state and federal laws by failing to provide a non[-]discriminatory work environment; failing to provide a non-hostile work environment free of harassment, and by discriminating, retaliating, and aiding and abetting discrimination[] based on gender, marital status and / or retaliation." ¶ 3.1. Therefore, federal question jurisdiction exists over Plaintiff's claims under 28 U.S.C. § 1331 because Plaintiff has plead claims for a violation of federal law.

7. To the extent the Complaint alleges statutory, state common law or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claims

NOTICE OF REMOVAL - 2

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

under federal law and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

8. Because some of Plaintiff's claims arise under the laws of the United States, removal of this entire cause of action is therefore appropriate.

**This Court is the Proper Venue**

9. The original Complaint was filed in Pierce County, Washington. Accordingly, removal to the United States District Court for the Western District of Washington is proper because this Court is in the judicial district and division embracing the place where the state court case was brought and is pending. 28 U.S.C. §§ 1441(a) and 1446(a).

**Intradistrict Assignment**

10. Because this case was initially filed in Pierce County, Washington, assignment to the Tacoma Division is proper pursuant to Local Civil Rule 3(d).

**Notice**

11. Pursuant to 28 U.S.C. §1446(d) King County will promptly give written notice of removal to Plaintiff and will file a copy of the notice with the clerk of Superior Court of Washington, Pierce County.

WHEREFORE, Defendants King County and Public Defender Association request this Court assume jurisdiction of this cause, enter such orders and/or judgments necessary to protect its jurisdiction and proceed with this case to its completion.

DATED this 30th day of November, 2015.

/ / /

/ / /

/ / /

/ / /

/ / /

NOTICE OF REMOVAL - 3

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

| | |
|---|---|
| 1 | |
| 2 | CALFO HARRIGAN LEYH & EAKES LLP |
| 3 | By   *s/ Patricia A. Eakes* |
| 4 | By   *s/ Damon C. Elder* |
| 5 | By   *s/ Andrew R.W. Hughes* |
| | Patricia A. Eakes, WSBA #18888 |
| 6 | Damon C. Elder, WSBA #46754 |
| | Andrew R.W. Hughes, WSBA #49515 |
| 7 | 999 Third Avenue, Suite 4400 |
| | Seattle, WA  98104 |
| 8 | Phone:  (206) 623-1700 |
| 9 | Fax:  (206) 623-8717 |
| | Email:  pattye@calfoharrigan.com |
| 10 | damone@calfoharrigan.com |
| | andrewh@calfoharrigan.com |
| 11 | |
| 12 | *Attorneys for Defendants King County, Washington and Public Defender Association d/b/a The Defender Association (TDA)* |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

NOTICE OF REMOVAL **-** 4

# CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Mary Ruth Mann, James W. Kytle and Mann & Kytle PLLC____, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  N/A_____.

                *s/ D. Yvette Chambers*_____
                D. Yvette Chambers

NOTICE OF REMOVAL - 5

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

# EXHIBIT A

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

November 02 2015 9:25 AM

KEVIN STOCK
COUNTY CLERK
NO: 15-2-13418-9

The Honorable Judge _____

SUPERIOR COURT OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| SHEILA LAROSE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KING COUNTY, WASHINGTON; and PUBLIC DEFENDER ASSOCIATION D/B/A THE DEFENDER ASSOCIATION (TDA)<br><br>　　　　Defendants. | NO. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

COMES NOW Plaintiff, Sheila LaRose, and states as her causes of action:

## I.　　PARTIES AND JURISDICTION

1.1　The Defendant King County is headquartered at Seattle, Washington in King County.

1.2　Plaintiff Sheila LaRose is a resident of King County and has filed a Standard Tort Claim pursuant to RCW 4.96.010 et seq, and has waited 60 days following the filing of that claim.

COMPLAINT FOR DAMAGES - 1

LAW OFFICES OF
MANN & KYTLE, PLLC
200 Second Avenue West
Seattle, WA 98119
Tel. 206-587-2700
Fax 206-587-0262

1.3     Venue is proper in this action because King County can be sued in Pierce County Superior Court as an adjacent county. RCW 36.01.050(1).

1.4     Venus is proper in this action as RCW 36.01.050 is a more specific venue statute than any other venue statute.

1.5     Public Defender Association d/b/a TDA is a non-profit corporation which has been at all times relevant to this matter, an arm and agency of Defendant King County.

## II.     FACTS SUPPORTING CLAIM

2.1     King County is an "employer" responsible for complying with and enforcing state and federal laws that protect employees of King County.

2.2     Employees in The Defender Association are employees of King County.

2.3     In October of 2012 Sheila LaRose was an employee of King County.

2.4     Since October of 2012 up to and including the date of filing of this complaint Sheila LaRose has been an employee of King County.

2.5     The Public Defender Association, aka The Defender Association, since at least October of 2012 up to the date of filing of this complaint has been an arm, agent and agency of King County.

2.6     The acts and omissions of the Public Defender Association are the acts and omissions of King County in relation to the incidents alleged in this complaint.

2.7     All employees of King County are "employees" protected by the Washington Law Against Discrimination RCW 49.60.010 et. seq.

COMPLAINT FOR DAMAGES - 2

LAW OFFICES OF
MANN & KYTLE, PLLC
200 Second Avenue West
Seattle, WA 98119
Tel. 206-587-2700
Fax 206-587-0262

2.8    Discrimination on the basis of gender, age, marital status or retaliation is unlawful, and is an "unfair practice" which undermines the foundations of a free and democratic state. RCW 49.60.010

2.9    Defendants have an obligation to maintain a non- discriminatory and non- hostile work environment and to protect employees from harassment from clients as well as employees.

2.10    During the time frame of at least October 2012 to the present The Defender Association has been an agency of Kig County. Office.

2.12 On October 31, 2012 Sheila La Rose was assigned to represent John Smith[1].

2.13 At the time of the assignment defendant knew that Mr. Smith posed a threat to any female attorney that might be appointed to represent him.

2.14 Sheila LaRose's supervisors had previously been asked in July of 2012 by another female public defender in the office to be relieved from representing Mr. Smith in a prior case.

2.15 The prior female public defender asked to be removed from representation when the client started calling her and telling her repeatedly that he loved her.

2.16 The case was reassigned to a male public defender, with management all informed that Mr. Smith would have trouble maintaining a "boundary" with a female public defender.

2.17 The defendant's supervisors agreed that the client should only be represented by a male public defender.

2.18 The prior female public defender was representing Mr. Smith as his appointed attorney on a felony charge of stalking of women.

---

[1] John Smith is a pseudonym for a client of King County and The Defender Association.

COMPLAINT FOR DAMAGES - 3

LAW OFFICES OF
MANN & KYTLE, PLLC
200 Second Avenue West
Seattle, WA 98119
Tel. 206-587-2700
Fax 206-587-0262

2.19 Just a few months later in 2012 Mr. Smith was again charged with felony stalking of women.

2.20 At the time the new felony stalking case was to be assigned, the male public defender that had taken over the prior stalking case, advised management not to assign the new stalking case to a female public defender.

2.21 Nevertheless Defendants assigned Ms. LaRose to be Mr. Smith's appointed attorney on the second charge of felony stalking of women.

2.22 Defendants said nothing to Ms. LaRose to warn her about any of the above contained in paragraphs 2.12 through 2.21 at any time prior to February 18, 2014..

2.24 In April 2013, Ms. LaRose had approached Benjamin Goldsmith, assistant Felony Supervisor, expressing concern that Mr. Smith would not stop calling and harassing her stating that "I love you", "I want to marry you", and that Mr. Smith would not stop these escalating calls despite her demand that he stop.

2.25 Ms. LaRose told Mr. Goldsmith at that time that she might want him to transfer the case.

2.26 Despite having prior knowledge and warning of Mr. Smith's dangerous propensity toward female attorneys, Mr. Goldsmith did not warn Ms. LaRose of the prior history of stalking his female attorney and did not remove her from Mr. Smith's case.

2.27 Ms. LaRose was on her first "felony rotation" and thus felt pressure as a female public defender to be "tough enough" and to complete her assignment and not be seen as "weak".

COMPLAINT FOR DAMAGES - 4

LAW OFFICES OF
MANN & KYTLE, PLLC
200 Second Avenue West
Seattle, WA 98119
Tel. 206-587-2700
Fax 206-587-0262

2.28 Ms. La Rose had received no training, no policies nor procedures for responding to sexual and/or violent threats from clients.

2.29 By the end of July of 2013 Ms. LaRose's anxiety had progressively increased as the stalking continued even after she concluded Mr. Smith's case.

2.30 Ms. LaRose gained no support from her supervisor who did not acknowledge that this was really a problem and that he had assigned her a known stalker.

2.31 Ms. LaRose was fearful and was not sleeping well.

2.32 Ms. LaRose approached Mr. Goldsmith on three separate occasions asking for advice due to the ongoing calls she was receiving from Mr. Smith. Her requests for assistance resulted in non-action by her supervisor.

2.33 In November of 2013, when Mr. Smith was released from incarceration, Ms. LaRose's symptoms worsened.

2.34 Mr. Smith, at this point, began to locate and approach Ms. LaRose in public. The calls continued without cessation.

2.35 By February of 2014 it was necessary for Ms. LaRose to make emergency calls and incident reports requesting police aid. Mr. Smith was coming repeatedly to her home, hid out in her backyard, appearing at her bedroom door (glass divided) repeatedly in the middle of the night – breaking her bedroom window. She did not sleep for days due to fear.

2.36 By February of 2014 Ms. LaRose had petitioned for and was granted a temporary and then permanent No Contact/Stalking Order.

COMPLAINT FOR DAMAGES - 5

LAW OFFICES OF
MANN & KYTLE, PLLC
200 Second Avenue West
Seattle, WA 98119
Tel. 206-587-2700
Fax 206-587-0262

2.23 Ms. LaRose learned from the prior female public defender on February 18, 2014 that the prior female public defender had asked to be removed from the case because of Mr. Smith's stalking behavior toward her while she was his appointed attorney.

2.36 In February of 2014, Ms. LaRose learned of Mr. Smith's prior history, his stalking of his prior female attorney and his reassignment to a male attorney. She learned not from management but from the prior "stalked" female attorney. By then, Mr. Smith had been stalking Ms. LaRose and her daughter for nearly a year including

- work phone calls with sexual messages;
- tracking Ms. LaRose to her parking space;
- placing lingerie on her windshield;
- jumping out of a stairwell at her in the dark after work;
- surveilling her and her family at her home for over 3 months;
- leaving gifts for Ms. LaRose including a pamphlet describing how to convert non-Muslim women to the Muslim faith;
- repeatedly coming to Ms. LaRose's house and yard when her daughter was present requiring removing her daughter to a safe house;
- hid in her back yard watching her dress and undress for over 3 months;
- appearing at her back bedroom door numerous times in the middle of the night;
- bashing in her bedroom window;
- on multiple nights, when the police came, he fled and later returned and continued to watch her;

COMPLAINT FOR DAMAGES - 6

LAW OFFICES OF
MANN & KYTLE, PLLC
200 Second Avenue West
Seattle, WA 98119
Tel. 206-587-2700
Fax 206-587-0262

- terrorizing her the following mornings by leaving messages about having watched the police arrive and leave, and expressing his sexual intent toward her;

- threatening to find and shoot and kill a family member who attempted to assist her when Mr. Smith was stalking her at her home;

- breaking into her home.

2.37 The collective activity stated above resulted in Mr. Smith's arrest (February 21, 2014) for felony stalking of Ms. LaRose.

2.38 Mr. Smith was tried and convicted in January 2015.

2.39 Mr. Smith was sentenced in February 2015.

2.40 Ms. LaRose had to testify at trial and spoke at Mr. Smith's sentencing.

2.41 Mr. Smith's sentence, though "exceptional" is only 7 years and he has appealed.

2.42 Mr. Smith is scheduled to be released in 3.5 years when Ms. LaRose's daughter will still be a minor. He may be released sooner or a new trial may be ordered.

2.43 Ms. LaRose has suffered continued harassment, terror, public humiliation and different treatment.

2.44 Ms. LaRose has suffered economic harms from the hostile work environment, and retaliation and more probably than not continue to suffer economic harm into the future.

2.45. Ms. LaRose has suffered harms to her dignity, her emotional health, and her enjoyment of life.

2.46 Ms. LaRose has suffered damage to her employment reputation and her future employability.

COMPLAINT FOR DAMAGES - 7

LAW OFFICES OF
MANN & KYTLE, PLLC
200 Second Avenue West
Seattle, WA 98119
Tel. 206-587-2700
Fax 206-587-0262

2.47 Ms. LaRose will more likely than not continue to suffer the damage to her financial security, peace of mind and enjoyment of life into her elder years and retirement.

### III.   CLAIMS

3.1   Ms. LaRose claims that defendants violated RCW 49.60 and other state and federal laws by failing to provide a non discriminatory work environment; failing to provide a non-hostile work environment free of harassment, and by discriminating, retaliating, and aiding and abetting discrimination, based on gender, marital status and / or retaliation. RCW 49.60.180, .210, and .220; RCW 49.44.090 et. seq.

### IV.   DAMAGES

4.1   Ms. LaRose asks that a jury of 12 award the following, as compensation for and representation of, the harms and damages to her:

    A.    Lost past and future wages;

    B.    Pre-Judgment interest on lost wages;

    C.    An award of a Tax Adjustment for the tax penalty on her awarded damages.

    D.    Compensation for the harm of psychological trauma; and for past and future psychological counseling and medical care;

    E.    Compensation for the fear, terror, emotional pain and suffering, and for humiliation, anxiety, indignity, discrimination and embarrassment, both past and future;

    F.    Compensation for past and future loss of enjoyment of life, damage to employment reputation, and diminished enjoyment of future life and retirement;
COMPLAINT FOR DAMAGES - 8

LAW OFFICES OF
MANN & KYTLE, PLLC
200 Second Avenue West
Seattle, WA 98119
Tel. 206-587-2700
Fax 206-587-0262

G. Reasonable attorney fees and costs;

H. Such other damages and further relief as the law allows.

DATED this 2nd day of NOVEMBER 2015 in SEATTLE, WASHINGTON.

MANN & KYTLE, PLLC

By: _____
Mary Ruth Mann, WSBA 9343
mrmann@mannkytle.com
James W. Kytle, WSBA 35048
jkytle@mannkytle.com
200 Second Avenue W
Seattle, WA 98119
(206) 587-2700
(206) 587-0262 Fax

**ATTORNEYS FOR PLAINTIFF**

COMPLAINT FOR DAMAGES - 9

LAW OFFICES OF
MANN & KYTLE, PLLC
200 Second Avenue West
Seattle, WA 98119
Tel. 206-587-2700
Fax 206-587-0262

# **<u>EXHIBIT B</u>**

Pierce County Superior Court Civil Case 15-2-13418-9

| | |
|---|---|
| Case Title: | SHEILA LAROSE VS. KING COUNTY |
| Case Type: | Miscellaneous |
| Access: | Public |
| Track Assignment: | Court Review - 4 Months |
| Jury Size: | |
| Estimated Trial Length: | |
| Dept Judge: | **08 BRIAN TOLLEFSON** |
| Resolution: | |
| Completion: | |

### Litigants

| Name | Type | Status |
|---|---|---|
| LAROSE, SHEILA | Plaintiff | |
| Attorney for LAROSE, SHEILA | Type | Bar Number |
| **James Wilson Kytle** | Atty for Plaintiff/Petitioner | 35048 |
| KING COUNTY | Defendant | |
| PUBLIC DEFENDER ASSOCIATION | Defendant | |

### Filings

| Filing Date | Filing | Access | Pages | Microfilm |
|---|---|---|---|---|
| 11/02/2015 | FILING FEE RECEIVED $240.00 | Public | 0 | |
| 11/02/2015 | **CASE INFORMATION COVER SHEET** | Public | 1 | |
| 11/02/2015 | **ORDER ASSIGNING CASE TO DEPARTMENT AND SETTING HEARING DATE** | Public | 1 | |
| 11/02/2015 | **COMPLAINT** | Public | 9 | |

**PURCHASE COPIES**

### Proceedings

| Date | Calendar | | Outcome |
|---|---|---|---|
| 02/26/2016 | DEPT 08 - JUDGE B. TOLLEFSON (Rm. 207A) | | |
| | Confirmed | 9:00 Mandatory - Court Review Hrg | |

WORKINGCOPY

### Original Case Schedule Items

| Event | Schedule Date |
|---|---|
| Mandatory - Court Review Hrg | 02/26/2016 |

### Judgments

| Cause # | Status | Signed | Effective | Filed |
|---|---|---|---|---|

This calendar lists Confirmed and Unconfirmed Proceedings. Attorneys may **obtain access rights** to confirm/strike selected proceedings. Currently, any proceedings for the Commissioners' calendars can be stricken, but only Show Cause proceedings for the Commissioners' calendars can be confirmed.

Unconfirmed Proceedings will not be heard unless confirmed as required by **the Local Rules of the Superior Court for Pierce County** .

- Hearing and location information displayed in this calendar is subject to change without notice. Any changes to this information after the creation date and time may not display in current version.
- Confidential cases and Juvenile Offender proceeding information is not displayed on this calendar. Confidential case types are: Adoption, Paternity, Involuntary Commitment, Dependency, and Truancy.
- The names provided in this calendar cannot be associated with any particular individuals without individual case research.
- Neither the court nor clerk makes any representation as to the accuracy and completeness of the data except for court purposes.

Created: Friday November 6, 2015 3:37PM

WEBSITE INFORMATION
Privacy Policy
Copyright Notices

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

November 02 2015 9:24 AM

KEVIN STOCK
COUNTY CLERK
NO: 15-2-13418-9

# SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY
## CASE COVER SHEET / CIVIL CASES

Case Title __SHEILA LAROSE VS. KING COUNTY__ Case Number __15-2-13418-9__
Atty/Litigant __James Wilson Kytle__ Bar # __35048__ Phone __(206) 587-2700__
Address __200 2nd Ave W__
City __Seattle__ State __WA__ Zip __98119__

Please check one category that best describes this case for indexing purposes.

*If you cannot determine the appropriate category, please describe the cause of action below. This will create a Miscellaneous cause which is not subject to PCLR3*

**APPEAL / REVIEW**
- [ ] Administrative Law Review (ALR 2) *REV 6*
- [ ] Civil, Non-Traffic (LCA 2) *REV 6*
- [ ] Civil, Traffic (LCI 2) *REV 6*
- [ ] Land Use Petition (LUP 2) LUPA

**CONTRACT / COMMERCIAL**
- [ ] Breach of Contract, Commercial Non-Contract or Commercial-Contract (COM 2) *STANDARD*
- [ ] Third Party Collection (COL 2) *REV 4*

**JUDGMENT**
- [ ] Judgment, Another County or Abstract Only (ABJ 2) *Non PCLR*
- [ ] Transcript of Judgment (TRJ 2) *Non PCLR*
- [ ] Foreign Judgment Civil or Judgment, Another State (FJU 2) *Non PCLR*

**TORT / MOTOR VEHICLE**
- [ ] Death, Non-Death Injuries or Property Damage Only (TMV 2) *STANDARD*

**TORT / NON MOTOR VEHICLE**
- [ ] Other Malpractice (MAL 2) *COMPLEX*
- [ ] Personal Injury (PIN 2) *STANDARD*
- [ ] Property Damage (PRP 2) *STANDARD*
- [ ] Wrongful Death (WDE 2) *STANDARD*
- [ ] Other Tort, Products Liability or Asbestos (TTO 2) *COMPLEX*

**PROPERTY RIGHTS**
- [ ] Condemnation (CON 2) *STANDARD*
- [ ] Foreclosure (FOR 2) *REV 4*
- [ ] Property Fairness (PFA 2) *STANDARD*
- [ ] Quiet Title (QTI 2) *STANDARD*
- [ ] Unlawful Detainer / Eviction (UND 2) *REV 4*
- [ ] Unlawful Detainer / Contested (UND 2) *REV 4*

**OTHER COMPLAINT OR PETITION**
- [x] Compel/Confirm Bind Arbitration, Deposit of Surplus Funds, Interpleader, Subpoenas, Victims' Employment Leave, or Wireless Number Disclosure, Miscellaneous (MSC 2) *REV 4*
- [ ] Injunction (INJ 2) *REV 4*
- [ ] Malicious Harassment (MHA 2) *Non PCLR*
- [ ] Meretricious Relationship (MER 2) *REV 4*
- [ ] Minor Settlement/No Guardianship (MST2) *REV 4*
- [ ] Pet for Civil Commit/Sex Predator (PCC2) *REV 4*
- [ ] Property Damage Gangs (PRG 2) *REV 4*
- [ ] Relief from Duty to Register (RDR) *REV 12*
- [ ] Restoration of Firearm Rights (RFR 2) *REV4*
- [ ] Seizure of Property/Comm. of Crime(SPC2) *REV 4*
- [ ] Seizure of Proprty Reslt from Crime(SPR2) *REV 4*
- [ ] Trust/Estate Dispute Resolution (TDR2) *REV 12*

**TORT / MEDICAL MALPRACTICE**
- [ ] Hospital, Medical Doctor, or Other Health Care Professional (MED2)*COMPLEX*

**WRIT**
- [ ] Habeas Corpus (WHC 2) *REV 4*
- [ ] Mandamus (WRM 2) *REV 4*
- [ ] Review (WRV 2) *REV 4*
- [ ] Miscellaneous Writ (WMW 2) *REV 4*

Miscellaneous __Discriminatioin__

Revised 10/17/14

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

November 02 2015 9:25 AM

KEVIN STOCK
COUNTY CLERK
NO: 15-2-13418-9

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

| | |
|---|---|
| SHEILA LAROSE<br>Plaintiff(s)<br><br>vs.<br><br>KING COUNTY<br>Defendant(s) | NO. 15-2-13418-9<br><br>ORDER ASSIGNING CASE TO JUDICIAL DEPARTMENT AND SETTING REVIEW HEARING DATE(PCLR3/PCLR40)<br><br>Judge: **BRIAN TOLLEFSON**<br>Department: **08**<br>Docket Code: **ORACD** |

**Notice to Plaintiff/Petitioner(s):**
* Case filed, then served: Plaintiff(s)/Petitioner(s) shall serve a copy of this Order Assigning Case to Judicial Department on the Defendant(s)/Respondent(s) along with a copy of the Summons and Complaint.
* Case served, then filed: Plaintiff(s)/Petitioner(s) shall serve a copy of this Order Assigning Case to Judicial Department within five (5) court days of filing.
* Service by publication pursuant to court order: Plaintiff(s)/Petitioner(s) shall serve a copy of this Order Assigning Case to Judicial Department within five (5) court days of the Defendant(s)/Respondent(s) first response or appearance.

**Trial Date:**
A trial date may be obtained by filing a 'Note of Issue' for assignment of a trial date by noon at least six (6) court days prior to the date fixed for the mandatory hearing date set out below.

> If a trial date is NOT obtained, failure to appear on the date below may result in dismissal of the case by the Court. Further, if the case has been fully resolved and all final papers have been entered by the Court, no appearance is required.
>
> **Mandatory Hearing Date: February 26, 2016 at 9:00 AM**
>
> At the time of this mandatory hearing, the Court may provide you with a Case Schedule which may include the trial date, if necessary.

**Cases Agreed or by Default:**
If you settle your case by entry of an order of default or agreement and all of the appropriate time requirements have been met, you may file a 'Note for Commissioner's Calendar to appear before a Court Commissioner for entry of all final papers unless presentation is allowed in the Commissioner's Ex Parte Department.

November 2, 2015
Date

BRIAN TOLLEFSON
Department 08